UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MELODY A. RUSSELL

    Plaintiff,

V.                                                                                    CIVIL ACTION NO

HELLER & FRISONE, LTD

Defendant.                                                                    JANUARY 9, 2013

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Glen Burnie, MD.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA.

6. Defendant is a collector within the MCDCA.

7. Defendant is a foreign business entity engaged in the business of collecting debts in the State of Maryland with a principal place of business located at 33 North LaSalle Street, Suite 1200, Chicago, IL 60602.

8. Defendant is not properly licensed as a collection agency in the State of Maryland and is not authorized to do business in Maryland. The principal purpose of Defendant business is the collection of debts and Defendant regularly attempts to collect debts alleged to be due another.

9. The Plaintiff disputed the alleged personal debt owed to in writing yet has not received a validation pursuant to §1692g from the Defendant.

10. Based on information and belief the Defendant reported the debt to the major credit reporting agencies and harmed Plaintiffs' credit rating.

11. Defendant through a collection agent, who admitted to the Plaintiff she was not a licensed attorney, attempted to collect Plaintiff's disputed debt, after Plaintiff sent a written dispute.

12. The Defendant failed to validate the debt and continued to collect the debt despite the prohibition of §1692g.

13. On or about December 17, 2012, Defendant, through a female collection agent, communicated with the Plaintiff and refused to provide her name.

14. Defendant through a female collection agent, advised the Plaintiff, if she wanted to settle the debt for less than the amount owed, to avoid further collections attempts and/or possible legal actions.

15. Based on information and belief the threat of legal action was not intended or authorized and the statement was false, deceptive and misleading and violated the FDCPA. §1692e.

16. Based on information and belief the Defendant Heller and Frisone, LTD, has two attorneys in its collection law firm, neither of whom are licensed to practice law in the State of Maryland.

17. The threat of litigation by Defendant, who is not properly licensed to collect debt in Maryland and further not licensed to practice law in the State of Maryland is unfair and/or unconscionable means to collect or attempt to collect this disputed debt and in violation of §1692f.

18. The Defendant does not maintain procedures in place adequately designed to avoid the above mentioned violation(s) of the FDCPA.

19. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692e, f and g.

SECOND COUNT:

20. The allegations of the First Count are repeated and realleged as if fully set forth herein.

21. Within three years prior to the date of this action Defendant has engaged in acts and practices as to Plaintiff in violation of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA").

22. Defendant violated Md. BUSINESS REGULATION Title 7 "COLLECTION AGENCIES"§ 7-102 normally excludes a lawyer from the requirement to obtain a collection agency license

23. Defendant by having a non lawyer, communicate directly with Plaintiff and attempt to collect this alleged personal debt from the Plaintiff, without having a collection license violated the MD Collection Agency Act.

24. Md. BUSINESS REGULATION Code Ann. § 7-102 (b) (9) states "a lawyer who is collecting a debt for a client, unless the lawyer has an employee who:

   (i) is not a lawyer; and

   (ii) is engaged primarily to solicit debts for collection or primarily makes contact with a debtor to collect or adjust a debt through a procedure identified with the operation of a collection agency."

WHEREFORE Plaintiff respectfully requests this Court to:
  1. Award plaintiff statutory damages pursuant to the FDCPA.
  2. Award Plaintiff statutory damages pursuant to MDCDCA.
  3. Award the plaintiff costs of suit and a reasonable attorney's fee.
  4. Award such other and further relief as this Court may see fit.

THE PLAINTIFF

BY /S/Michael W. Kennedy
Michael W. Kennedy, Esquire
The Kennedy Law Firm
1204 Main Street, Suite 176
Branford, CT 06405
MD Bar No: 29935
203-481-4040
Fax: 443-440-6372
Email: mwk550@yahoo.com